IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MOON;<br><br>**Plaintiff,**<br><br>vs.<br><br>ADT, LLC, and PROTECTION ONE ALARM MONITORING, INC.,<br><br>**Defendants.** | 4:25CV3255<br><br>**ORDER TO SHOW CAUSE** |

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On December 30, 2025, Plaintiff, Christopher Moon, filed this suit against Defendants, ADT, LLC, and Protection One Alarm Monitoring, Inc. (Filing No. 1). Plaintiff did not affirmatively state the basis for jurisdiction, but appears to be relying on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) as the Complaint only alleges state law claims for negligence. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a).

According to his Complaint, Plaintiff alleges he is a "resident" of Nebraska. Plaintiff alleges ADT, LLC is "headquartered in 1501 Yamato Road Boca Raton, FL 33431, and doing business in the state of Nebraska." Plaintiff alleges Protection One Alarm Monitoring, Inc. is "a United States corporation, headquartered in Chicago, IL and doing business in the state of Nebraska." Plaintiff alleges that upon "information and belief, . . . Protection One Alarm Monitoring, Inc. was acquired by ADT, LLC." (Filing No. 1 at p. 1). Plaintiff's Complaint does not specify the amount of damages he is seeking, only that he has sustained medical expenses totaling $31,381.90, and that he requests

"special past and future damages, loss of enjoyment of life, and loss of earning capacity; plus, an additional amount for future special damages, general damages, and interest[.]"

After review, the Court finds Plaintiff's Complaint does not satisfy the pleading requirements necessary to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). First, Plaintiff only alleges he is a "resident" of Nebraska, and does not affirmatively allege his citizenship. For individual parties, it is well established that an allegation of residence is not the equivalent of an allegation of citizenship and is insufficient to satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). See *Hargett v. RevClaims, LLC*, 854 F.3d 962, 964 (8th Cir. 2017) ("We have long held that 'resident' does not mean 'citizen' in 28 U.S.C. § 1332(a)."); see also *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (allegation that the plaintiff was an Arkansas "resident" was inadequate to establish diversity because "resident" and "citizen" have "overlapping but distinct meanings"). As such, Plaintiff must file an amended complaint affirmatively alleging his citizenship.

Plaintiff's allegations of the defendants' citizenship is also insufficient. For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015). Plaintiff's Complaint contains no information about the members of ADT, LLC, or those members' citizenship. As such, Plaintiff must file an amended complaint properly alleging the citizenship of ADT, LLC's members.

As to defendant Protection One Alarm Monitoring, Inc., Plaintiff alleges it is "a United States corporation, headquartered in Chicago, IL[.]" A corporation is deemed a citizen of every state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93 (explaining that headquarters are not the principal place of business if they are "simply an office where the corporation holds its board meetings"). Although Plaintiff has alleged Protection One Alarm Monitoring is "headquartered" in Illinois, Plaintiff has not affirmatively alleged Protection One Alarm Monitoring's principal place(s) of business necessary to allege its citizenship. See, e.g., *Dowie v. Osburn*, 815 F. Supp. 2d 1051, 1053 (S.D. Iowa 2011) (concluding the removing corporation's "averment of where [it] has its 'headquarters' [wa]s not sufficient to establish the corporation's 'principal place of business.'").

Finally, although the Court could surmise that the amount in controversy is satisfied given the nature of Plaintiff's damages, Plaintiff's Complaint does not state he is seeking a specific monetary sum, nor does he affirmatively allege or state that the amount in controversy exceeds $75,000. When correcting the above jurisdictional pleading deficiencies, Plaintiff should also amend his pleading to state whether the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiff leave to file an amended complaint that cures the deficiencies above to assure this Court it has subject-matter jurisdiction.

**IT IS ORDERED:** Plaintiff shall filed an amended complaint to properly allege that this court has subject matter jurisdiction on or before **January 28, 2026**. Failure to do so may result in dismissal of this action without further notice.

Dated this 31st day of December, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge